UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAM MKRTCHYAN,<br><br>            Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY, CALIFORNIA; SCOTT R. JONES; GRANT NUGENT; DEPUTY DOMINGUEZ; DEPUTY YANG; DEPUTY GROUT; DEPUTY MEIER, and DOES 1-40, inclusive,<br><br>            Defendants. | No. 2:17-cv-02366-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Aram Mkrtchyan's ("Plaintiff") Motion for Reconsideration. (ECF No. 24.) Defendants Sacramento County ("County"), Scott R. Jones ("Jones"), Grant Nugent ("Nugent"), Deputy Dominguez ("Dominguez"), Deputy Yang ("Yang"), Deputy Grout ("Grout"), and Deputy Meier ("Meier") (collectively, "Defendants") filed an opposition. (ECF No. 25.) Plaintiff did not file a reply. For the reasons set forth below, Plaintiff's Motion for Reconsideration is GRANTED (ECF No. 24) and Defendants' prior Motion to Dismiss (ECF No. 11) is now GRANTED as to Plaintiff's fifth through twelfth claims with leave to amend.

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Defendants' alleged refusal to provide medical care for Plaintiff's heel bone fracture while Plaintiff was an inmate in the Sacramento County jail system. (*See* ECF No. 4.) Plaintiff initiated this action against Defendants on November 12, 2017, asserting twelve claims under state and federal law. Plaintiff filed the operative First Amended Complaint ("FAC") on December 5, 2017. (ECF No. 4.)

On February 16, 2018, Defendants moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 11.) At a hearing on August 20, 2019, the Court found that Plaintiff's state law claims — Claims Five through Twelve — were time-barred and dismissed those claims without leave to amend. (ECF No. 20; ECF No. 23 at 29.) On September 19, 2019, Plaintiff filed the instant Motion for Reconsideration pursuant to Rule 54(b), requesting the Court revise its order as to Plaintiff's state law claims. (*See* ECF No. 24.)

## II. STANDARD OF LAW

The Court is authorized to reconsider an order under its inherent powers and Rule 54(b). *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also* Fed. R. Civ. P. 54(b). With respect to non-final orders, the Ninth Circuit has recognized that "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Santa Monica Baykeeper*, 254 F.3d at 885 (internal quotation marks and emphasis omitted). Further, Rule 54(b) authorizes a court to revise a non-final order "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). A court "may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000).

///
///
///
///

2

**III.   ANALYSIS**

Plaintiff moves the Court to reconsider its dismissal of Claims Five through Twelve without leave to amend. As will be discussed, the Court agrees that reconsideration is warranted.

Plaintiff's fifth through twelfth claims are state law claims brought against the County and its employees related to injuries Plaintiff allegedly suffered while in Defendants' custody. (ECF No. 4 at 25–33.) To pursue tort claims against a county and its employees, a claimant must first submit a written claim to the county pursuant to the California Tort Claims Act no later than six months after the accrual of the cause of action. Cal. Gov't Code § 911.2. If the county rejects the claim or fails to respond, the claimant may bring the claim before a court. *Id.* § 945.4.

The applicable statute of limitations to bring an action before a court depends on the county's response. If the county fails to send written notice of rejection to the claimant within 45 days of receiving the claim, then the claimant has two years from the accrual of the cause of action to file suit. *See id.* §§ 911.6(a), 912.6, 945.6(a)(2). On the other hand, if the county provides the claimant with written notice of rejection at any time (even if it is beyond the 45-day period in which it is supposed to act upon the claim), then the claimant must file a suit "not later than six months after the date such notice is personally delivered or deposited in the mail." *Id.* § 945.6(a)(1); *see Katelaris v. Cty. of Orange*, 92 Cal. App. 4th 1211, 1216 n.4 (2001).

California Government Code § 913 explains that the county's written notice must be provided in accordance with § 915.4. Cal. Gov't Code § 913(a). Acceptable methods of providing notice under § 915.4 include personally delivering notice or sending notice by mail. *Id.* § 915.4. For a mailing of the written notice to trigger "the six-month limitations period provided by section 945.6, subdivision (a)(1)[,] . . . the mailing [must also comply] with section 915.2." *Peterson v. Los Gatos Saratoga Cmty. Educ. & Rec.*, No. H030496, 2007 WL 4616704, at *8 (Dec. 18, 2007) (citing *Katelaris*, 92 Cal. App. 4th at 1214). Section 915.2 provides that written notice "shall be deposited in the United States post office, a mailbox, . . . or other similar facility regularly maintained by the government of the United States, in a sealed envelope, properly addressed, with postage paid." Cal. Gov't Code § 915.2(a). In sum, a mailed notice of rejection of claim "would trigger application of the six-month statute of limitations if the notices comply

1 with the requirements of Government Code section 913 and they were mailed in the manner
2 prescribed by section 915.2." *Him v. City and Cnty. of San Francisco*, 133 Cal. App. 4th 437,
3 443 (2005).

4       Here, the County rejected Plaintiff's claim and sent written notice of its rejection to
5 Plaintiff at the Sacramento County Main Jail on May 1, 2017. (ECF No. 4-1 at 12.) In ruling on
6 Defendants' prior motion to dismiss, the Court found that Plaintiff's claims were time-barred
7 because he did not file the instant action until November 12, 2017, which was six months and ten
8 days after notice was sent to the jail. (ECF No. 23 at 25–26.) In the instant motion, Plaintiff
9 argues the Court overlooked his argument that the County's May 1 notice was not properly
10 addressed. (*See* ECF No. 24-1 at 4–5.) Plaintiff further argues that his action was timely because
11 he filed it within six months after the County delivered the notice to his proper address on June 7,
12 2017. (*Id.* at 5.) More specifically, Plaintiff argues that on April 27, 2017, he called the liability
13 claims administrator to inquire about the status of his claim and to provide a new mailing address
14 because he had been released from jail since filing his claim. (*See id.* at 4.) Plaintiff argues that
15 despite his efforts to update his address, the County incorrectly sent notice to the jail. (*Id.*)
16 Plaintiff attached a copy of the May 1 notice, which was addressed to the jail and returned to
17 sender as undeliverable, to his FAC. (ECF No. 4-1 at 13–14.) Plaintiff argues that he eventually
18 received the notice at his correct address on June 7, 2017, but only after calling to inquire about
19 his claim and provide his new address for a second time on June 6, 2017. (ECF No. 24-1 at 4–5.)

20       Upon reconsideration, the Court cannot say that amendment is futile at this early stage in
21 the litigation. This case raises unique factual and legal issues. No party has provided — nor can
22 the Court locate — any case law directly on point. As it is, § 915.2 requires that notice of
23 rejection be "properly addressed" to trigger the statute of limitations period. Such a rule makes
24 sense. To allow governmental entities to send notice to an incorrect address and then later hide
25 behind the statute of limitations would be inherently unjust. Plaintiff's arguments support at the
26 very least a reasonable inference that the County was aware of Plaintiff's proper address and
27 failed to send notice to that address on May 1. As such, Plaintiff has shown that he may plausibly
28 allege that the written notice mailed on May 1, 2017, was not "properly addressed" in accordance

1  with § 915.2 and thus did not trigger the six-month statute of limitations. *See Rincon v. Burbank Unified Sch. Dist.*, 178 Cal. App. 3d 949, 955–56 (1986) (reversing a trial court's order granting summary judgment based on a state tort claimant's failure to meet the six-month limitation period because Defendants failed to provide evidence that established written notice was properly addressed); *see also Valderrama v. California*, No. 2:19-cv-013890-MCE-EFB, 2020 WL 2556948, at *5 (E.D. Cal. May 20, 2020) (reiterating that the California Tort Claims Act requires a public entity's notice of rejection to be "properly addressed").

Accordingly, the Court now finds it would cause manifest injustice to foreclose Plaintiff the opportunity to plead facts showing that he timely filed his state law claims. However, Defendants asserted three alternative grounds for dismissing Plaintiff's state law claims in their prior motion to dismiss. (*See* ECF No. 11-1 at 13–15.) Having not reached those arguments previously, the Court will address those arguments now to determine whether amendment would be futile on these other grounds.

### A.  First Alternative Argument

Defendants moved to dismiss Plaintiff's fifth through eighth state law claims because the facts alleged in the FAC are not reflected in Plaintiff's original tort claim. (ECF 11-1 at 13.) California Government Code § 910 requires that a tort claim contain "(c) [t]he date, place and other circumstances of the occurrence . . . which gave rise to the claim asserted; (d) [a] general description of the . . . injury . . . incurred. . . ; [and] (e) [t]he name or names of the public employee or employees causing the injury . . . if known." *Blair v. Superior Court*, 218 Cal. App. 3d 221, 224 (1990); *see also Gen. Sec. Servs. Corp. v. Cty. of Fresno*, 815 F. Supp. 2d 1123, 1132 (E.D. Cal. 2011) (citing Cal. Gov't Code § 910). These tort claim requirements "are not intended 'to prevent surprise,' rather they are intended to 'provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.'" *Gen. Sec. Servs. Corp.*, 815 F. Supp. 2d at 1132–33 (citations omitted); *see also Arres v. City of Fresno*, No. CV-F-10-1628 LJO SMS, 2011 WL 284971, at *21 (E.D. Cal. Jan. 26, 2011).

///

Turning to the requirements of a claimant's civil action following denial of a tort claim, "the written [tort] claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Blair*, 218 Cal. App. 3d at 223–24 (quoting *Nelson v. State of California*, 139 Cal. App. 3d 72, 79 (1982)) (internal quotation marks omitted). However, the California Supreme Court has clarified:

> The claim . . . need not specify each particular act or omission later proven to have caused the injury. A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an entirely different set of facts. Only where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim, have courts generally found the complaint barred. Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by defendants, courts have generally found the claim fairly reflects the facts pled in the complaint.

*Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 447 (2004) (internal citations and quotation marks omitted); *see also Gen. Sec. Servs. Corp.*, 815 F. Supp. 2d at 1133–34. Therefore, "[i]f the claim gives adequate information for the public entity to investigate, additional detail and elaboration in the complaint is permitted." *Stockett*, 34 Cal. 4th at 449 (internal citations omitted); *see also Wormuth v. Lammersville Union Sch. Dist.*, 305 F. Supp. 3d 1108, 1128 (E.D. Cal. 2018) (quoting *Stockett*, 34 Cal. 4th at 449).

Defendants argue that "Plaintiff describes two completely different mechanisms of his injury in his [tort claim] and FAC." (ECF No. 15 at 9.) Plaintiff's FAC alleges his foot injuries were sustained on August 29, 2016, as the result of "attempting to retrieve a handball by climbing part way up the cyclone fence that surrounds the exercise area[,]" jumping off the fence, and landing "on the heels of both feet, with somewhat more weight on his right foot." (ECF No. 4 at 5.) In contrast, Plaintiff's tort claim lists the date of the accident as September 1, 2016, and states that Plaintiff injured his feet "[u]pon jumping down from [his] top bunk at [the Rio Consumnes Correctional Center in Elk Grove] as there are no steps to come down[.]" (ECF No. 4-1 at 9.) Regardless of how Plaintiff was injured, however, Plaintiff's civil action centers on Defendants'

6

1    failure to provide Plaintiff proper treatment for those injuries, which are factual circumstances
2    mentioned in Plaintiff's tort claim.  (*See* ECF Nos. 4, 4-1.)  Plaintiff may amend the FAC to
3    address the discrepancies in how his injuries were sustained, but failure to do so would not
4    necessarily be fatal to Plaintiff's claims.
5         Defendants also argue "Plaintiff's FAC seeks to add six individual defendants, none of
6    which are identified in [P]laintiff's claim."  (ECF No. 11-1 at 13.)  However, California
7    Government Code § 910(e) requires "[t]he name or names of the public employee or employees
8    causing the injury" only "if known" to the claimant.  *See* Cal. Gov't Code § 910(e).  Plaintiff may
9    amend the FAC to explain the omission of the individual Defendants, or alternatively, to explain
10   why the County was given adequate notice to investigate claims regarding the individual
11   Defendants.  *See Gen. Sec. Servs. Corp.*, 815 F. Supp. 2d at 1132–33 (citations omitted); *see also*
12   *Arres*, 2011 WL 284971 at *21.
13        Defendants next argue Plaintiff's claims against Dominguez, Meier, Grout, and Yang are
14   not fairly reflected in Plaintiff's tort claim.  (ECF No. 11-1 at 14.)  However, Plaintiff's tort claim
15   contains general allegations regarding "months" of Defendants' continual failure to provide
16   Plaintiff with a wheelchair and appropriate medical treatment.  (*See* ECF No. 4-1 at 4–6, 9.)
17   Plaintiff's claims against Dominguez, Meier, Grout, and Yang thus appear to be based on specific
18   incidents that are a part of the general allegations in Plaintiff's tort claim such that Plaintiff's
19   description of these specific incidents in the FAC "merely elaborate[] or add[] further detail to
20   [Plaintiff's tort] claim, but is predicated on the same fundamental actions or failures to act by
21   defendants."  *Stockett*, 34 Cal. 4th at 447; *see also Gen. Sec.*, 815 F. Supp. 2d at 1133–34.

22              B.    <u>Second Alternative Argument</u>

23        Defendants also moved to dismiss the eleventh and twelfth claims for failure to state a
24   claim as Plaintiff failed to cite to any statute that created direct liability for Defendants' failure to
25   "Have Adequate Policies [and] Practices, Training, Supervision, or Enforcement of Timely and
26   Effective Medical Care for [I]nmates" and "Medical Malpractice."  (ECF No. 11-1 at 14–15.)
27   However, Plaintiff responded that he has a theory of direct liability for his eleventh and twelfth
28   claims under California Government Code § 845.6, which establishes liability when "a public

employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." (*See* ECF No. 14 at 25–26.) Therefore, the Court will allow Plaintiff to amend his eleventh and twelfth claims on these grounds.

### C. Third Alternative Argument

Lastly, Defendants argue that Plaintiff's twelfth claim fails to state a claim against Nugent because Nugent is immune from suit for the acts or inactions of others under California Government Code § 820.8. (ECF No. 11-1 at 15.) Section 820.8 provides that "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person." Cal. Gov't Code § 820.8. However, Plaintiff argues that § 845.6 provides an exception to Nugent's § 820.8 immunity. (ECF No. 14 at 26.) Therefore, the Court will allow Plaintiff to amend his twelfth claim accordingly.

In sum, based on the liberal standard in favor of granting leave to amend and for the reasons set forth above, the Court cannot say at this early stage that amendment of Claims Five through Twelve would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)). Therefore, the Court will grant leave to amend those claims.

### IV. CONCLUSION

For these reasons, the Court hereby GRANTS Plaintiff's Motion for Reconsideration. (ECF No. 24.) The Court revises it prior ruling as to Plaintiff's fifth through twelfth causes of action and GRANTS Defendants' Motion to Dismiss those claims with leave to amend. (ECF No. 11.) Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. Defendants are afforded twenty-one (21) days from the date Plaintiff files an amended complaint to file a responsive pleading.

IT IS SO ORDERED.

Dated: February 15, 2021

Troy L. Nunley
United States District Judge