UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAM MKRTCHYAN, | No. 2: 17-cv-2366 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, et al. | |
| Defendants. | |

Plaintiff is proceeding, through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On September 16, 2021, the undersigned conducted a hearing regarding plaintiff's motion for sanctions for spoliation of evidence. Patrick H. Dwyer appeared on behalf of plaintiff. Matthew W. Gross and Carl. L. Fessenden appeared on behalf of defendants.

For the reasons stated herein, and discussed at the September 16, 2021 hearing, further briefing is ordered regarding the alleged spoliation of videos.

Plaintiff contends that on September 17, 2019, he asked defendants to produce all video of plaintiff while in custody at either the RCCC Jail or the Main Jail on or about the dates and times set forth in the first amended complaint in paragraphs 19, and 22-53. (ECF No. 44-1 at 10.) Plaintiff contends that defendants produced six short videos from August-September 2016. (Id. at 11.) Defendants informed plaintiff that they were not able to provide further videos because "no videos responsive to this request have existed." (Id.)

1

Plaintiff moves for sanctions based on the alleged spoliation of the videos sought in September 17, 2019 request for production of documents. It is undisputed that the videos plaintiff requested are unavailable apparently because they were either destroyed pursuant to the jail video retention policy and/or destroyed due to a computer problem at the jail.

For the reasons discussed herein, the undersigned tentatively finds that the original complaint, filed November 12, 2017, put defendants on notice to preserve certain videos. CTC Global Corporation v. Huang, 2019 WL 6357271, at *2 (C.D. Cal. July 3, 2019) (quoting In Re Napster, Inc. Copyright Litig., 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006) ("'As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.'")

In claim two of the original complaint, plaintiff alleges that defendants Dominguez, Yang, Meier and Grout violated the Eighth Amendment by denying 1) plaintiff's need for timely surgery; 2) denying plaintiff's use of a wheelchair and other means to allow plaintiff not to bear weight on his feet until they healed; 3) denying plaintiff bathroom and shower facilities designed for handicapped persons; and 4) failing to assign plaintiff to a ground floor with a lower bunk. (ECF No. 1 at 19-20.)

In claim three of the original complaint, plaintiff alleges that defendants Dominguez, Yang, Meier and Grout violated the Eighth Amendment by 1) denying plaintiff the use of a wheelchair; 2) forcing plaintiff to walk excessive distances on crutches or with a cane; 3) forcing plaintiff to crawl on the ground; 4) denying plaintiff the use of a shower and bathroom facilities for handicapped persons; and 5) denying plaintiff a bunk on a lower tier of a double bunk. (Id. at 21.)

In support of claims two and three, plaintiff alleges, in relevant part, that upon his arrival at the Main Jail, defendant Dominguez grabbed his crutches and made him hop to an attorney-client no-contact room. (Id. at 11-12.) Plaintiff alleges that defendant Dominguez later escorted plaintiff on his crutches to a holding tank with a toilet and then took plaintiff's crutches. (Id. at 12.) While in the holding tank, plaintiff had a panic attack and had to crawl on the floor to activate the emergency button. (Id.)

Plaintiff alleges that on February 6, 2017, defendant Yang made plaintiff move to different cell using only a cane. (Id. at 15.) Plaintiff had to drag his bag of belongings, weighing about 80 pounds, behind him. (Id.)

Plaintiff alleges that on February 8, 2017, defendant Meier refused to give plaintiff a wheelchair ride over to the elevator that would take plaintiff back to the top tier. (Id. at 16.) Plaintiff alleges that he had to hop on his left foot for ten feet, but that was so painful that plaintiff then crawled for another 20 feet and got on the elevator. (Id.)

Plaintiff alleges that on February 8, 2017, defendant Grout denied his request for a lower tier and lower bunk. (Id.) Defendant Grout denied this request and told plaintiff to go to his assigned bunk. (Id.) "Plaintiff did his best to go back up the stairs, but he could not." (Id.)

The undersigned tentatively finds that the allegations set forth above put defendants on notice of their duty to preserve video of these alleged incidents.

As discussed at the September 17, 2021 hearing, in order to evaluate plaintiff's spoliation claim, the undersigned requires additional information regarding whether, when and by whom a litigation hold was requested on the videos. Assuming a litigation hold regarding the videos was requested, the undersigned requires further information regarding what information the person(s) making the litigation hold received regarding the availability of the videos, i.e., did the person(s) receive confirmation that the videos had been destroyed pursuant to the retention policy or were they informed that the videos were lost due to computer problems. The undersigned also requires further information regarding the jail video retention policy, i.e., how regularly were videos actually erased pursuant to this policy. The undersigned also requires further information regarding what information current defense counsel received regarding the availability of the videos and from whom and when.

/////
/////
/////
////
/////

1 | Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the date of this
2 | order, defendants shall file the further briefing discussed above; plaintiff may file a reply within
3 | fourteen days thereafter.

Dated:  September 20, 2021

*[Signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mkrt2366.ord(2)