UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAM MKRTCHYAN,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY, et al.<br><br>        Defendants. | No. 2: 17-cv-2366 TLN KJN P<br><br><br><br>ORDER |

Introduction

      Plaintiff is proceeding, through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On September 16, 2021, the undersigned conducted a hearing regarding plaintiff's motion for sanctions for spoliation of evidence. Patrick H. Dwyer appeared on behalf of plaintiff. Matthew W. Gross and Carl. L. Fessenden appeared on behalf of defendants.

      In his motion, plaintiff seeks sanctions for alleged spoliation of videos and medical records. The undersigned separately ordered further briefing regarding plaintiff's request for sanctions for alleged spoliation of videos. For the reasons stated herein, and discussed at the September 16, 2021 hearing, plaintiff's motion for sanctions based on alleged spoliation of medical records is denied.

////

////

Legal Standard

A party seeking sanctions for spoliation of evidence has the burden of establishing the following elements by a preponderance of the evidence: "(1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence." Conan v. City of Fontana, 2017 WL 3530350, at *3 (C.D. Cal. Aug. 16, 2017) (quoting Surowiec v. Capital Title Agency, Inc., 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011)).

Plaintiff's Allegations

All parties and the court are familiar with the allegations and claims raised in this action. For this reason, plaintiff's allegations and claims need not be set forth in this order.

Gallagher Records Regarding Plaintiff

In the pending motion, plaintiff seeks sanctions for alleged spoliation of some of plaintiff's medical records maintained by defendant Gallagher. Plaintiff describes these records as the "records about the referral of plaintiff to a third party orthopedic surgeon" maintained by Gallagher in a paper file in her office. (ECF No. 44-1 at 22.) Plaintiff discovered the existence of these records during his deposition of defendant Gallagher. Plaintiff argues that without these records, there is no way to determine the true reason for the delay in plaintiff's appointment with an outside orthopedic surgeon. (Id.)

In the opposition, defendants argue that the Gallagher records plaintiff refers to in the pending motion were already produced to plaintiff via San Joaquin County Hospital, which included documents from plaintiff's medical records which have also been produced by the County. (ECF No. 45 at 10.) Defendants argue that plaintiff's tort claim, administrative grievance and complaint filed November 12, 2017, contained no information indicating to the County that defendant Gallagher had any information or records which would need to be retained, apart from what was in plaintiff's medical records. (Id.) Defendants contend that it was not until Gallagher's April 2021 deposition that the parties learned of the possibility of additional records

1    and plaintiff requested Gallagher documents.  (Id.)  Defendants state that they produced all
2    records retained by Gallagher.  (Id.)
3        In the pending motion, plaintiff cites the following sections of Gallagher's deposition
4    transcript as evidence of the existence of the missing files and their contents: pp. 26:22-28:5;
5    32:15 to 33:9, 40:14-44:10.  (ECF No. 44-1 at 22).  After reviewing the pages of the Gallagher
6    deposition cited by plaintiff, the undersigned herein finds that plaintiff has not demonstrated that
7    defendants had a duty to preserve the at-issue records.
8        During the deposition, plaintiff's counsel asked Gallagher if she kept any paperwork from
9    her communications with the third-party provider about the date of the appointment.  (ECF No.
10   44-2 at 282 (Gallagher deposition at 26:22-25).)  Gallagher answered,

> Usually I send a packet over that has maybe a copy of the x-ray and the in-house orthopedist examination, and I send over a list of medications and anything else that's, you know, pertinent to that patient that the orthopedist who is determining if he's going to do surgery would like to see.

14   (Id. at 282-83 (Gallagher deposition at 26:25-27:1-5.)
15       Plaintiff's counsel then asked Gallagher if she kept a copy of the documents "that you
16   transmit out."  (Id. at 283 (Gallagher deposition at 27: 6-7).)  Gallagher responded that she did.
17   (Id. (Gallagher deposition at 27: 8).)  Plaintiff's counsel asked what kind of filing system she
18   used.  (Id. (Gallagher deposition at 27: 9-10).)  Gallagher testified, "It's like a manual paper
19   system and it's considered like my work product, and it does not go into the chart."  (Id.
20   (Gallagher deposition at 27: 11-12).)  Gallagher went on to testify that she retained this file for
21   three or four years.  (Id. (Gallagher deposition at 27: 13-16).)  Gallagher testified that during this
22   lawsuit, she was not asked to look through her files to see if she had a record of what was "sent
23   out" on this patient.  (Id. at 284 (Gallagher deposition at 28: 6-9).)
24       In another section of the Gallagher deposition cited by plaintiff in the pending motion,
25   Gallagher was asked if she sent an actual copy of Dr. Kyngys's form with notes with the ortho
26   consult.  (Id. at 288 (Gallager deposition at 32: 15-18).)  Gallagher responded, "Yes."  (Id.
27   (Gallagher deposition at 32: 19).)  Plaintiff's counsel then stated that he did not see a copy of this
28   document, i.e., Dr. Kyngys's form with notes, in the file that he got from San Joaquin or that was

3

produced to him by defense counsel. (Id. (Gallagher deposition at 32: 20-22).) Gallagher testified that this document would have been sent to San Joaquin for the consult with a packet of explanations of why they wanted him to be seen, and any labs, any medication that he was on and a copy of the x-ray. (Id. at 289 (Gallagher deposition at 33: 5-9).)

In the sections of the Gallagher deposition cited by plaintiff, Gallagher testified that she retained (on paper) the packet of documents she sent to the third-party provider for plaintiff's orthopedic consultation. In the pending motion, plaintiff appears to argue that defendants should have retained this packet maintained by Gallagher on paper because it may have contained information explaining the reason for the delay in plaintiff's appointment with an outside orthopedic surgeon. However, Gallagher's deposition testimony does not suggest that Gallagher maintained other records, in addition to the packet sent to the third party provider, that may have contained this information.

It also appears that the at-issue paper records maintained by Gallagher are duplicative of the packet of documents received by the third-party provider from Gallagher. Plaintiff apparently received this packet of documents during discovery.

In conclusion, the undersigned finds that plaintiff has not demonstrated that the Gallagher records contained the information he seeks, i.e., reasons for the delay in plaintiff's appointment with an outside orthopedic surgeon. Plaintiff's claim that this information may have been in these records is speculative and unsupported by Gallagher's deposition testimony. See In Re Napster Copyright Litig., 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006) (party has a duty to preserve evidence which it knows or reasonably should know is relevant to the action).[1] Accordingly, plaintiff's motion for sanctions based on these records is denied.

Records Regarding Other Inmates

Plaintiff moves for sanctions based on alleged spoliation of records regarding the referral of other inmates for orthopedic consultations in support of his Monell[2] claim. The background to

---

[1] The undersigned observes that defendant Gallagher was not named as a defendant until the third amended complaint filed July 29, 2021.

[2] Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658 (1978).

4

1 | this motion follows herein.

2 | In interrogatory no. 23, plaintiff asked,

> Based upon Nancy Gallagher's testimony on April 27, 2021, regarding the referral of inmates to third party medical providers for orthopedic surgical consultations, please provide the following information for each inmate referred to an outside medical provider for an orthopedic surgical consult between January 1, 2016 and December 31, 2020:
>
> 1. Date of completion of Consultation & Case Management Request Form by Correctional Medical Services doctor (employee or contractor);
>
> 2. Date that Case Management arranged for third party orthopedic surgical consult;
>
> 3. Date of third party orthopedic surgical consult; and
>
> 4. Yes/no—did the inmate have surgery for the orthopedic condition.

(ECF No. 44-2 at 29.)

In a related request for production of documents, plaintiff asked defendant Sacramento County to produce all documents referred to by defendant in preparing its answer to interrogatory no. 23. (Id. at 44-2.)

In response to the request for production of documents, defendant Sacramento County stated,

> Objection—this request is unduly burdensome, harassing and oppressive to the extent that it seeks information or documents that were not within the possession of Adult Correctional Health. Defendants object to this request to the extent that it seeks information protected by any legal privilege, including the attorney-client privilege, the attorney work product doctrine, and the third party medical patient privilege. Finally, as the parties discussed on the telephone during a meet and confer process, Adult Correctional Health did not begin keeping track of this information until July 2019. Subject to and without waiving these objections, defendants respond as follows: See DEF 413-415.

(ECF No. 45-1 at 5.)

In the pending motion, plaintiff contends that all medical files concerning the referral of inmates for outside orthopedic surgical consults have been lost through 2018 and most of 2019. (ECF No. 44-1 at 23.) Plaintiff contends that defendants admitted that the records kept by

5

1  Gallagher through 2018 and most of 2019 have been destroyed.  (Id.)  Plaintiff contends that

2  defendants provided him with a chart showing an analysis of such cases for the medical files that

3  still existed.  (Id.)  Plaintiff contends that there is not enough data in this chart to evaluate past

4  policies, practices and procedures.  (Id.)

5        In the opposition, defendants contend, "Plaintiff claims 'all such medical files concerning

6  the referral of inmates for outside orthopedic surgical consults have been lost through 2018 and

7  most of 2019.'  This is categorically not true."  (ECF No. 45 at 11.)  Defendants go on to state,

> The County did not lose the medical files from 2016 through 2019—
> it still has the records of every inmate's medical records, it simply
> did not keep track of the statistics on all inmates receiving orthopedic
> surgeries until 2019.  As such, these records cannot be produced
> because they never existed until beginning in July 2019.

11  (Id.)

12        In the reply, plaintiff argues that defendants' discussion of the other files, i.e., inmate

13  medical files, is a "red herring" intended to distract the court from the paper files kept by

14  Gallagher's Case Management.  (ECF No. 46 at 9.)  Plaintiff argues that Gallagher's paper files

15  were destroyed as a result of defendants' failure to place a litigation hold.  (Id.)

16        Defendant Gallagher apparently maintained files containing the information and

17  documents plaintiff seeks in interrogatory no. 23 and the related request for production of

18  documents.  These files are apparently no longer available.  Defendants represent that the

19  information and documents plaintiff seeks in these discovery requests are available in inmate

20  medical records.[3]  Based on this representation, the undersigned denies plaintiff's spoliation

21  motion regarding these discovery requests without prejudice to the filing of a motion to compel.[4]

---

[3] It appears to the undersigned that much of the information plaintiff seeks in these discovery requests would be available in inmate medical records, i.e., the Consultation & Case Management Request Forms, records showing when inmates were sent for orthopedic consults and records showing whether inmates received surgery.  Whether inmate medical records contain information regarding when Case Management arranged for third party orthopedic surgical consults is less clear.

[4] In reviewing a motion to compel, the undersigned may make a definitive finding regarding what at-issue records in inmate medical files are available.  The undersigned may also make a finding regarding the burden on defendants in producing these records, taking into consideration defendants' alleged failure to maintain the Gallagher records.

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for sanctions (ECF No.

2 44) is denied to the extent it concerns the medical records discussed in this order.

3 Dated: September 23, 2021

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mkrt2366.ord