UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAM MKRTCHYAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2: 17-cv-2366 TLN KJN<br><br><br>ORDER |

I.　　Introduction

　　　Plaintiff is proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On November 12, 2021, the undersigned granted plaintiff's motion for sanctions regarding spoliation of video evidence. (ECF No. 52.) The undersigned awarded plaintiff reasonable attorney's fees incurred by plaintiff in bringing the motion for sanctions regarding the video evidence, including the further briefing order. (Id.) The undersigned ordered the parties to file briefing regarding attorney's fees. (Id.)

　　　On November 25, 2021, plaintiff filed a declaration seeking $23,509.80 for the costs and fees incurred in bringing the motion for sanctions. (ECF No. 54.) On December 3, 2021, defendants filed a pleading arguing that plaintiff is entitled to recover no more than $6689.75 in administrative fees and costs. (ECF No. 54.) On December 9, 2021, plaintiff filed a response to this pleading. (ECF No. 55.)

1

For the reasons stated herein, the undersigned awards plaintiff $15,459.80 for the costs and attorney's fees incurred in bringing his motion for sanctions regarding video evidence.

II.     Legal Standard

Courts use the "lodestar method to determine what constitutes a reasonable attorneys' fee." Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). The lodestar represents the number of hours reasonably expended multiplied by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations omitted). The product of this computation, the "lodestar" amount, yields a presumptively reasonable fee. Gonzalez, 729 F.3d at 1202.

Second, the court may adjust the lodestar based on the twelve Kerr[1] factors. Gonzalez, 729 F.3d at 1209 and n.11.

The Kerr factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Kerr, 526 F.2d at 70.

IV.     Background

On August 16, 2021, plaintiff filed the motion for sanctions for spoliation of evidence. (ECF No. 44.) Plaintiff requested an adverse inference instruction and attorney's fees for the alleged spoliation of videos and medical records. (Id.) Plaintiff argued that defendants failed to preserve all video of plaintiff while he was in custody at the Rio Cosumnes Correctional Center ("RCCC") and the Main Jail. (Id.)

On September 16, 2021, the undersigned conducted a hearing regarding plaintiff's motion for sanctions. On September 23, 2021, the undersigned denied plaintiff's motion for sanctions

---

[1] Kerr v. Screen Guild Extras, Inc., 526 F.2d 67 (9th Cir. 1976).

2

1 | based on alleged spoliation of medical records.  (ECF No. 49.)

2 |      On September 20, 2021, the undersigned ordered further briefing regarding the missing
3 | videos.  (ECF No. 48.)  In the further briefing order, the undersigned tentatively found that
4 | plaintiff's original complaint put defendants on notice to preserve certain videos.  (Id. at 2.)  In
5 | particular, the undersigned found that plaintiff's complaint put defendants on notice to preserve
6 | videos based on specific incidents occurring at the Main Jail alleged against individual
7 | defendants.  (Id. at 2-3.)

8 |      On October 8, 2021, defendants filed further briefing in response to the September 20,
9 | 2021 order.  (ECF No. 50.)  On October 21, 2021, plaintiff filed further briefing in response to the
10 | September 20, 2021 order.  (ECF No. 51.)

11 |      On November 12, 2021, the undersigned granted plaintiff's motion for sanctions regarding
12 | spoliation of video evidence.  (ECF No. 52.)   In this order, the undersigned conclusively found
13 | that plaintiff's original complaint put defendants on notice to preserve the video of the incidents
14 | discussed in the September 20, 2021 order.  (Id. at 8.)  The undersigned denied plaintiff's request
15 | for an adverse inference instruction.  (Id. at 20.)  The undersigned awarded plaintiff reasonable
16 | attorney's fees incurred by plaintiff in bringing the motion for sanctions regarding the video
17 | evidence, including the further briefing order.  (Id. at 20-21.)

18 |      On November 25, 2021, plaintiff's counsel submitted a declaration in support of the award
19 | of attorney's fees.  (ECF No. 53.)  On December 3, 2021, defendants filed a response to
20 | plaintiff's declaration.  (ECF No. 54.)  On December 9, 2021, plaintiff filed a response to
21 | defendants' response.  (ECF No. 55.)

22 |    V.     <u>Discussion</u>

23 |      In his declaration, plaintiff's counsel states that his hourly billing rate is $350/hr.  (ECF
24 | No. 53.)  Plaintiff's counsel states that he spent 61.4 hours working on the spoliation motion.
25 | (Id.)  Plaintiff's counsel seeks $21,490 in attorney's fees.  (Id.)  Plaintiff's counsel also seeks the
26 | costs of three depositions (Everett, Perry and McDaniel) of $2,019.80.  (Id.)  In his December 9,
27 | 2021 response to defendants' briefing regarding attorney's fees, plaintiff states that he is also
28 | seeking attorney's fees for the 3.9 hours spent researching and writing this pleading.  (ECF No.

55.)

In their briefing, defendants do not dispute plaintiff's counsel's hourly rate. Defendants argue that plaintiff seeks attorney's fees that are unrelated to the costs of bringing his motion. (ECF No. 54 at 2.) Defendants also argue that plaintiff is not entitled to the costs of the Everett deposition. (Id. at 3.) Defendants further argue that plaintiff's hours should be reduced by 75% for three reasons. (Id.) Defendants conclude that plaintiff is entitled to attorney's fees for 15.4 hours totaling $5,390, with the additional administrative costs of the Perry and McDaniel depositions totaling $1,299.75. (Id. at 5.) Defendants contend that plaintiff should recover no more than $6,689.75. (Id.)

The undersigned addresses defendants' arguments herein.

*Does Plaintiff Seek Attorney's Fees for Matters Unrelated to the Costs of Bringing His Motion?*

In the time record submitted by plaintiff's counsel in support of the request for attorney's fees, plaintiff seeks attorney's fees for time spent on the Everett, Perry and McDaniel depositions. (ECF No. 53 at 4.) In addition to time spent on drafting the spoliation motion and further briefing pleading, plaintiff seeks attorney's fees for time spent on the reply to defendants' opposition to his motion for sanctions. (Id. at 5-6.) Plaintiff also seeks attorney's fees for various other matters related to his spoliation motion including, for example, preparing for the hearing regarding his spoliation motion. (Id. at 6.)

Defendants contend that plaintiff's request for fees goes beyond what the court ordered on November 12, 2021. Based on this order, defendants argue that plaintiff is entitled to payment for the time spent preparing the motion (26.1 hours) and the further briefing order (11.2 hours), for a total rate of $13,055. (ECF No. 54 at 2-3.)

Defendants interpret the undersigned's November 12, 2021 order awarding attorney's fees too narrowly. As discussed above, the undersigned awarded plaintiff attorney's fees "incurred by plaintiff in bringing the motion for sanctions regarding the video evidence, including the further briefing order." (ECF No. 52 at 20.) After reviewing plaintiff's time records (ECF No. 53 at 4-6), the undersigned finds that the costs detailed in this document were incurred by plaintiff in

4

bringing the motions for sanctions. Accordingly, the undersigned finds that plaintiff is entitled to the $21,490 in attorney fees discussed in the time record. However, for the reasons stated hereafter, the undersigned finds that this amount should be reduced.

*Administrative Costs for Everett Deposition*

Defendants contend that plaintiff is not entitled to the administrative costs of the Everett deposition ($750.75) because the Everett deposition concerned video surveillance at RCCC. (ECF No. 54 at 3.) Defendants argue that the court found that defendants failed to preserve videos from the main jail and the Everett deposition concerned video surveillance at RCCC. (Id.)

Defendants are correct that the court found that defendants failed to preserve certain videos from the Main Jail but not RCCC.[2] (See ECF No. 52 at 7-9.) Nevertheless, plaintiff was entitled to investigate his claims regarding the missing RCCC videos, as this issue had some relevance to his claims regarding the missing Main Jail videos. Accordingly, plaintiff is entitled to the administrative costs of the Everett deposition.

*Should Plaintiff's Hours Be Reduced by 75%?*

Defendants next argue that plaintiff's attorney's fees should be reduced by 75% for three reasons. The undersigned addresses these arguments herein.

Defendants argue that plaintiff seeks attorney's fees for his unsuccessful arguments that the defendants spoliated evidence regarding medical records and the RCCC videos.[3] (ECF No. 54 at 3.) Although not raised by defendants, the undersigned also observes that the court denied

---

[2] In the motion for sanctions, plaintiff argued that defendants failed to preserve all videos of him at RCCC and the Main Jail. After reviewing the complaint, the undersigned found that defendants failed to preserve certain videos from the main jail based on plaintiff's claims against individual defendants regarding specific incidents. (ECF No. 52 at 7-8.) Plaintiff's complaint did not contain similar claims against individual defendants at RCCC. (See ECF No. 1.) Plaintiff's claims regarding RCCC were made against defendant Sacramento County and supervisor defendants Jones and Nugent. (Id.) For this reason, the undersigned did not find that plaintiff's complaint put defendants on notice to preserve video of plaintiff at RCCC or any other video of plaintiff at the Main Jail. Plaintiff's argument that defendants should have preserved all video of plaintiff while he was housed at RCCC and the Main Jail, other than the video based on the specific incidents against individual defendants alleged in the complaint, is overreaching.

[3] In his response to defendants' pleading, plaintiff states that he will not dispute the 2.5 hours he spent on the portion of his motion addressing the medical records. (ECF No. 55 at 4.)

5

plaintiff's request for an adverse inference instruction.

As discussed above, the missing RCCC videos had some relevance to the claims regarding the missing Main Jail videos. For this reason, plaintiff is entitled to attorney's fees for the time spent taking the Everett deposition.

The undersigned finds that plaintiff is not entitled to attorney's fees for time spent regarding his unsuccessful arguments, i.e., sanctions for the missing medical records, sanctions for the missing RCCC videos and the request for an adverse inference instruction. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983) (degree of success is "the most critical factor" when determining fee awards); Adams v. Compton Unified School District, 2015 WL 12748005, at *12 (C.D. Cal. July 16, 2015) (district courts have discretion to "identify particular hours that should be eliminated" or "simply reduce the award to account for the limited success."). The undersigned finds that plaintiff's attorney's fees should be reduced by 20 hours for these unsuccessful arguments, i.e., to 41.4 hours for $14,490.

Defendants next argue that plaintiff's requested hours should be reduced because plaintiff waited 18 months in bringing the spoliation motion once he learned of the missing video in October 2019 and after the February 2020 depositions. The undersigned found plaintiff's spoliation motion timely. (ECF No. 52 at 4-7.) Accordingly, defendants' request to reduce plaintiff's requested hours on those grounds is without merit.

Defendants next argue that plaintiff's requested hours should be reduced because the issues raised in plaintiff's motion for sanctions were noncomplex and relatively simple. Defendants argue that they never disputed that the videos were lost and could not be produced. Defendants argue that the only issue in this matter involved whether defendants had notice to preserve the video, and if so, what is the penalty for failing to retain the video. In support of this argument, defendants cite Skyline Advanced Technology Services v. Shafer, 2020 WL 7025081 (N.D. Cal. Nov. 30, 2020).

In his response to defendants' briefing, plaintiff argues that his motion was necessitated and made complex by defendants' actions. (ECF No. 55 at 1.) Plaintiff argues that defendants provided an evasive response to his initial request for the videos when they stated, "…no videos

6

responsive to this request have existed." (Id. at 2.) Plaintiff contends that defendants failed to disclose that they failed to initiate a litigation hold when they responded to his request for the videos. (Id.) Plaintiff contends that as a result of defendants' lack of candor, he had to embark on a costly deposition process to find out what happened to the video evidence. (Id.) Plaintiff also argues that defendants made his motion complex by failing to admit their failure to place a litigation hold until ordered by the court in the further briefing order. (Id. at 2-3.)

In Skyline, supra, the district court reduced a request for attorneys' fees for 140.3 hours made in connection with a motion for sanctions based on evidence spoliation. The district court found that the reasonable expenditure of time for the spoliation motion, as well as the reply brief and oral argument, would not exceed 40 hours of attorney time due to the relatively simple straightforward nature of the matter. 2020 WL 7025081, at *4. The district court found that, "[f]ar from involving complex legal or factual questions, Skyline's motion simply sought relief from this court for Ms. Shafer's destruction of evidence (which she essentially conceded in her opposition to the motion for sanctions), and for her uncooperative behavior at her deposition." Id.

The court in Skyline cited WhoToo, Inc. v. Dun & Bradstreet, Inc., 2017 WL 3485735, at *3 (W.D. Wash. Aug. 15, 2017). Id. In WhoToo, Inc., the district court found that 130 hours requested for attorneys' fees in connection with a spoliation was excessive. 2017 WL 3485735, at *3. The district court found that the work on the spoliation motion was not as simple as a "rule-of-the-mill" motion to compel. Id. Nevertheless, the court found that 130 hours was excessive given that the motion did not involve complex legal questions. Id. In addition, the moving party did not obtain the results it desired, i.e., dismissal or an adverse inference instruction. Id. The district court also observed that the moving party did not cite cases awarding comparable fees in similar cases. Id. The court reduced by 25% the 130 hours billed. Id.

Plaintiff is correct that his motion would have been simpler had defendants conceded their failure to request a litigation hold. The undersigned agrees that plaintiff conducted depositions in order to investigate why the videos were missing. However, plaintiff's motion did not involve complex legal questions. While the undersigned ordered further briefing regarding whether a litigation hold was placed regarding the videos (ECF No. 48), the factual questions in plaintiff's

7

motion were relatively simple once this matter was resolved.  For these reasons, the undersigned orders the attorney fees reduced by 5 hours, i.e., $1,750.  Thus, plaintiff is entitled to attorney fees of $12,740.

As discussed above, plaintiff seeks 3.9 hours for the time spent researching and writing his response to defendants' reply to his request for fees. (ECF No. 55 at 6.)   The undersigned reduces the attorney's fees awarded for this pleading to 2 hours because the issues addressed in this pleading were straightforward and not complex.  <u>Skyline</u>, 2020 WL 7025081, at *4.

In conclusion, plaintiff is entitled to the costs of the Everett, Perry and McDaniel depositions of $2,019.80, attorney's fees of $12,740 for the costs incurred in bringing the motion for sanctions, and $700 for attorney's fees in for preparation of the December 9, 2021 pleading regarding attorney fees.  Defendants shall pay plaintiff $15,459.80 within thirty days of the date of this order.

Accordingly, IT IS HEREBY ORDERED that plaintiff is awarded $15,459.80 for the fees and costs incurred in bringing his motion for sanctions regarding the video evidence; defendants shall pay plaintiff's counsel this amount within thirty days of the date of this order.

Dated:  January 11, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mrkt2366.fee

8