1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    ARAM MKRTCHYAN,                          No. 2:17-cv-02366-TLN-KJN

12                 Plaintiff,

13          v.                                 **ORDER**

14    SACRAMENTO COUNTY, et al.,

15                 Defendants.

16

17          This matter is before the Court on Plaintiff Aram Mkrtchyan's ("Plaintiff") Motion for

18    Reconsideration (ECF No. 57) and Motion for Extension of Time (ECF No. 60).  Defendants

19    County of Sacramento, Scott Jones, Grant Nugent, Deputy Dominguez, Deputy Yang, Deputy

20    Grout, Deputy Meier, and Nancy Gallagher (collectively, "Defendants") opposed both motions.

21    (ECF Nos. 58, 63.)  Plaintiff filed replies.  (ECF Nos. 65, 66.)  For the reasons set forth below,

22    the Court DENIES Plaintiff's motion for reconsideration and DENIES as moot Plaintiff's motion

23    for an extension of time.

24          I.      FACTUAL AND PROCEDURAL BACKGROUND

25          This case arises from Defendants' alleged refusal to provide medical care for Plaintiff's

26    heel bone fracture while Plaintiff was an inmate in the Sacramento County jail system.  (ECF No.

27    40.)  Plaintiff filed the operative Third Amended Complaint ("TAC") on July 29, 2021.  (*Id.*)

28    Plaintiff filed the instant motion for reconsideration on January 14, 2022, challenging three

1  magistrate judge orders related to Plaintiff's motion for discovery sanctions.  (ECF No. 57.)

2  More than a week after filing the motion for reconsideration, Plaintiff filed a motion for extension

3  of time, requesting the Court consider the motion for reconsideration in its entirety despite the

4  motion being untimely as to the first and second magistrate judge orders.  (ECF No. 60.)

5  **II.   STANDARD OF LAW**

6  On a motion to reconsider a magistrate judge's order, the Court reviews the magistrate

7  judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. §

8  636(b)(1)(A).  E.D. Cal. L.R. 303(f); Fed. R. Civ. P. 72(a).  Under this standard, the Court must

9  accept the magistrate judge's decision unless it has a "definite and firm conviction that a mistake

10  has been committed."  *Concrete Pipe & Products of Cal., Inc. v. Constr. Laborers Pension Trust*

11  *for So. Cal.*, 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the

12  magistrate judge were at least plausible, after considering the record in its entirety, the Court will

13  not reverse even if convinced that it would have weighed the evidence differently.  *Phoenix Eng.*

14  *& Supply Inc. v. Univ. Elec. Co., Inc.*, 104 F.3d 1137, 1141 (9th Cir. 1997).

15  **III.   ANALYSIS**

16  Plaintiff moves the Court to reconsider: (1) an order filed September 23, 2021, in which

17  the magistrate judge denied Plaintiff's motion for sanctions for spoliation of medical records

18  (ECF No. 49); (2) an order filed November 12, 2021, in which the magistrate judge denied

19  Plaintiff's request for an adverse inference instruction for spoliation of video evidence (ECF No.

20  52); and (3) an order filed January 11, 2022, in which the magistrate judge awarded Plaintiff a

21  reduced amount of $15,459.80 for costs and fees incurred in bringing the sanctions motion (ECF

22  No. 56).[1]  The Court will consider each issue in turn.

23  A.   Lost Medical Records

24  First, Plaintiff argues the magistrate judge's denial of sanctions related to his medical

25  records was clearly erroneous and contrary to law.  (ECF No. 57 at 5.)  Plaintiff's request for

26  sanctions was based on Defendants' failure to preserve Registered Nurse Nancy Gallagher's

27

---

28  [1]   Because the Court concludes Plaintiff's motion for reconsideration fails on the merits, the Court need not and does not address Plaintiff's motion for extension of time.

2

("Gallagher") copy of records about Plaintiff's referral to a third-party orthopedic surgeon.  (ECF No. 44-1 at 21–22.)  Plaintiff contended these records may have contained information explaining the reason his appointment with the orthopedic surgeon was delayed.  (*Id.*)  In denying sanctions, the magistrate judge found Plaintiff had not demonstrated that Defendants had a duty to preserve the at-issue records because there was no evidence the records would have contained the desired information.  (ECF No. 49 at 3–4.)

Plaintiff has not persuaded the Court that the magistrate judge's ruling was clearly erroneous or contrary to law.  A "party has a duty to preserve evidence which it knows or reasonably knows is relevant to the action."  *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).  In his motion for sanctions, Plaintiff relied on Gallagher's deposition testimony as evidence of the existence of the missing records and their contents.  (ECF No. 49 at 3.)  In denying the motion, the magistrate judge found the deposition testimony did not support Plaintiff's contention that the records contained the information about the reasons Plaintiff's appointment with an outside orthopedic surgeon was delayed.  (*Id.* at 4.)  The magistrate judge also noted that Gallagher was not named in this action until the TAC was filed on July 29, 2021.  (*Id.*)

Having reviewed Gallagher's deposition testimony and the magistrate judge's order, the Court is not left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Products of Cal., Inc.*, 508 U.S. at 622.  Nowhere in Gallagher's deposition testimony does she indicate that her records would contain any information about why Plaintiff's appointment with an outside orthopedic surgeon was delayed.  As such, the magistrate judge's conclusion that Defendants did not have a duty to preserve those records is plausible.  *See Phoenix Eng. & Supply Inc.*, 104 F.3d at 1141.

Therefore, the Court DENIES Plaintiff's motion to reconsider the magistrate judge's denial of sanctions related to the lost medical records.

B.      Lost Video Evidence

Second, Plaintiff challenges the magistrate judge's refusal to grant an adverse inference instruction as to lost video evidence.  (ECF No. 57 at 11.)  More specifically, Plaintiff asserts the

3

1  magistrate judge applied an incorrect standard and analysis for the "intent" requirement under

2  Federal Rule of Civil Procedure ("Rule") 37(e)(2).  (*Id.*)

3       Under Rule 37(e)(2), if the Court finds Defendants "acted with the intent to deprive"

4  Plaintiff's use of the lost video evidence, the Court "*may* . . . instruct the jury that it may or must

5  presume the information was unfavorable to the party."  Fed. R. Civ. P. 37(e)(2) (emphasis

6  added).  In the instant case, the magistrate judge declined to impose an adverse inference

7  instruction because the record contained no evidence explaining why Defendants did not request a

8  litigation hold.  (ECF No. 52 at 16–17.)

9       Plaintiff fails to convince the Court that the magistrate judge's decision was contrary to

10  any controlling law.  Plaintiff argues the magistrate judge's order is at odds with two district court

11  cases, which the magistrate judge was not bound to follow.[2]  (ECF No. 57 at 13 (citing *Czuchaj v.*

12  *Conair Corp.*, No. 13CV1901 BEN (RBB), 2016 WL 4161818, at *1 (S.D. Cal. Apr. 1, 2016);

13  *Scalia v. Cnty. of Kern*, No. 1:17-CV-01097-NONE-JLT, 2021 WL 6062639, at *3 (E.D. Cal.

14  Dec. 22, 2021)).)  As it is, the magistrate judge properly applied Rule 37(e)(2) and acted well

15  within his discretion in refusing to grant an adverse inference instruction based on the lack of

16  evidence going to intent.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976, 992–

17  93 (N.D. Cal. 2012) ("Ultimately, the choice of appropriate spoliation sanctions must be

18  determined on a case-by-case basis and should be commensurate to the spoliating party's motive

19  or degree of fault in destroying the evidence.").

20       Accordingly, the Court DENIES Plaintiff's motion to reconsider the magistrate judge's

21  refusal to impose an adverse inference instruction.

22            C.     Attorney's Fees

23       Third, Plaintiff objects to the magistrate judge's reduction in attorney's fees.  (ECF No. 57

24  at 17.)  Instead of imposing an adverse inference instruction for the loss of video evidence, the

25  magistrate judge awarded Plaintiff monetary sanctions against Defendants in the form of

26  reasonable attorneys' fees incurred in bringing the motion for sanctions.  (ECF No. 52 at 20.)

27

28  [2]     Notably, the *Scalia* court did not impose an adverse inference instruction and instead ordered further briefing on the issue of sanctions.  *See Scalia*, 2021 WL 6062639, at *3.

4

Plaintiff requested $21,490 in attorney's fees and $2,019.80 in costs.  (ECF No. 53.)  The magistrate judge awarded Plaintiff a reduced amount of $15,459.80.  (ECF No. 56.)  Plaintiff challenges the magistrate judge's 20-hour reduction for time Plaintiff spent pursuing unsuccessful arguments.  (ECF No. 57 at 17–18; ECF No. 56 at 6.)  Plaintiff argues the 20-hour reduction is not based on detailed time records and is several times greater than the actual time spent on those items.  (ECF No. 57 at 18.)

Plaintiff again fails to convince the Court that the magistrate judge's decision was clearly erroneous or contrary to law.  In discussing a court's discretion to reduce a fee award based on a party's limited success, the Supreme Court explained, "There is no precise rule or formula for making these determinations.  The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  The court necessarily has discretion in making this equitable judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983).  While Plaintiff may disagree with the magistrate judge's exercise of discretion in determining the reasonable fee to award Plaintiff as a monetary sanction, that is not a sufficient reason to reverse the magistrate judge's order.

Thus, the Court DENIES Plaintiff's motion to reconsider the attorney's fee award.

**IV.    CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration (ECF No. 57) and DENIES as moot Plaintiff's Motion for Extension of Time (ECF No. 60).

IT IS SO ORDERED.

**DATED:**  June 13, 2022

Troy L. Nunley
United States District Judge