**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Matthew W. Gross, SBN 324007
mgross@porterscott.com
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SACRAMENTO,
SCOTT R. JONES, GRANT NUGENT, DEPUTY DOMINGUEZ,
DEPUTY YANG, DEPUTY GROUT, DEPUTY MEIER and NANCY GALLAGHER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAM MKRTCHYAN, | CASE NO. 2:17-cv-02366 DAD-KJN |
| Plaintiff, | **RESPONSE TO PLAINTIFF'S NOTICE OF RELATED CASE AND REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| SACRAMENTO COUNTY, CALIFORNIA, a county government and the operator of the Sacramento County Sheriff's Department and its Correctional Health Services Division; and the following persons as individuals and in their capacity as officials, employees or contractors of Sacramento County; R. SCOTT JONES; GRANT NUGENT; DEPUTY DOMINGUEZ; DEPUTY YANG; DEPUTY GROUT; DEPUTY MEIER, and DOES 1-40, inclusive, | Complaint Filed: 11/12/2017 |
| Defendants. | |

On June 15, 2023, Plaintiff filed a Notice of Related Case and a Request for Judicial Notice. The following responds to that filing.

//

---
1
**RESPONSE TO PLAINTIFF'S NOTICE OF RELATED CASE AND REQUEST FOR JUDICIAL NOTICE**

I. <u>**NOTICE OF RELATED CASE**</u>

Plaintiff asserts that pursuant to Eastern District Local Rule 123 the case of *Mollica v. County of Sacramento*, Case No. 2:19-CV-02017-KJM-DB is related to the instant action. Defendant disagrees. Local Rule 123(a)(1) states that an action is related if "both actions involve the same parties and are based on the same or similar claim." That is not the case here. The Plaintiffs are different. Further, the Defendants are different. In Mollica, the County, Sheriff's Department, Gallagher, and Morian are named. In the instant action, the Defendants are the County, Sheriff Jones, Gallagher, Nugent, Dominquez, Yang, Grant and Meier. Further, although some claims are similar, the cases are fundamentally very different, Mollica involves questions concerning the Eighth Amendment, whereas the instant action involves the Fourteenth. Further, Mollica also asserts ADA and Rehabilitation Act claims, among others.

Local Rule 123(a)(2) defines a related action as "both actions involving the same property, transaction, or event." The Mollica case involves very specific factual allegations that are unrelated to the instant action. Those facts are very specific to the experience of the individual Plaintiff while incarcerated. Those experiences occurred years apart, with Mkrtchyan involving events in September 2016 and Mollica involving events in May of 2019.

Local Rule 123(a) defines a related action as "both actions involving similar questions of fact and the same question of law and their assignment to the same judge or magistrate judge is likely to affect a substantial saving of judicial effort." Here, the cases involved are very distinct factual circumstances involving the experience of the specific Plaintiffs at issue. Further, the actions do not involve the same questions of law. Although, there is some overlap in the type of claims made, as pointed out above, there are different questions of law in both cases.

II. <u>**REQUEST FOR JUDICIAL NOTICE**</u>

Federal Rules of Evidence, Rule 201(b), identifies the kind of facts a court may take judicial notice. That section states the court may judicially notice a fact that is not subject to reasonable dispute because it (1) it is generally known within the trial courts territorial jurisdiction; or (2) it can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Here, Plaintiff is asking the court to take judicial notice of facts that are set forth in the MSJ order in the Mollica matter. Inherently, especially given the court finds that there are disputed facts and expressly stated that the facts articulated in

the order are construed in a light most favorable to Plaintiff, taking judicial notice under Rule 201 is appropriate.

Putting aside the above objection, Defendant does not oppose the court taking judicial notice of the existence of the Mollica action, the claims asserted therein, and the fact that there was a motion for summary judgment.

Dated:  July 10, 2023

        PORTER SCOTT
        A PROFESSIONAL CORPORATION

        By   /s/Carl L. Fessenden
            Carl L. Fessenden
            Matthew W. Gross
            Attorneys for Defendants

**RESPONSE TO PLAINTIFF'S NOTICE OF RELATED CASE AND REQUEST FOR JUDICIAL NOTICE**