UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAM MKRTCHYAN, | No. 2:17-cv-02366-DAD-KJN |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | (Doc. No. 70) |

This matter is before the court on the motion for leave to file a fourth amended complaint filed on behalf of plaintiff on April 28, 2022. (Doc. No. 70.) The pending motion was taken under submission without oral argument by the previously assigned district judge on May 20, 2022.[1] (Doc. No. 77.) For the reasons explained below, plaintiff's motion for leave to file a fourth amended complaint will be denied.

/////

---

[1] On August 25, 2022, this case was reassigned to the undersigned. (Doc. No. 85.) The undersigned has endeavored to work through a backlog of inherited submitted motions in civil cases as quickly as possible since returning to the Sacramento courthouse a little over one year ago. In this regard, the undersigned is aware that the parties' motions for summary judgment and related motions (Doc. Nos. 69, 71, & 79) have been pending before the court since before the reassignment of this case. It is the court's hope that an order addressing those remaining pending motions will be issued in the relatively near future.

1

**BACKGROUND**

This is a civil rights action arising out of the alleged deliberate and callous refusal by defendants of a necessary surgery to address a heel bone fracture sustained by plaintiff while incarcerated in the Sacramento County jail system.

Plaintiff filed his initial complaint on November 12, 2017. (Doc. No. 1.) Subsequently, on December 5, 2017, plaintiff filed a first amended complaint. (Doc. No. 4.) Plaintiff filed a second amended complaint on March 18, 2021. (Doc. No. 33) Pursuant to the parties' July 27, 2021 stipulation (Doc. No. 38), plaintiff was granted permission to file a third amended complaint (Doc. No. 39). Thereafter, on July 29, 2021, plaintiff filed the operative third amended complaint. (Doc. No. 40.)

On April 9, 2021, the court issued the pretrial scheduling order governing this case setting forth the following deadlines:  close of discovery on November 30, 2021; disclosure of expert witnesses by January 27, 2022; and the hearing on "[a]ll dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than June 2, 2022."[2]  (Doc. No. 37.)  The court's scheduling order also states:  "No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." (*Id.* at 1.)

Defendants filed a motion for summary judgment on April 28, 2022. (Doc. No. 69.) The same day, plaintiff filed his own motion for summary judgment (Doc. No. 71), as well as the pending motion for leave to file a fourth amended complaint (Doc. No. 70). On May 3, 2022, defendants filed an opposition to plaintiff's motion for leave to amend, and on May 13, 2022, plaintiff filed a reply thereto. (Doc. Nos. 72, 75.)

**LEGAL STANDARD**

"A party may amend its pleading once as a matter of course no later than:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days

---

[2] Pursuant to this court's Local Rules, effective March 1, 2022, a motion must be filed at least 35 days prior to the hearing date. L.R. 230(b). The prior version of the Local Rules that was in effect when the scheduling order in this case was issued provided for a 28-day notice period.

1 after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e),
2 or (f), whichever is earlier." Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court to
3 amend a pleading or receive the opposing party's written consent.  *Id.*

4       The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave
5 when justice so requires."  *Id.*  Nevertheless, leave to amend need not be granted when the
6 amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
7 delay in litigation; or (4) is futile.  *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d
8 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).

9       It is important to note that these factors "are not of equal weight in that delay, by itself, is
10 insufficient to justify denial of leave to amend."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,
11 186 (9th Cir. 1987).  However, undue delay in combination with the presence of other factors
12 may indeed warrant a denial of leave to amend.  *See, e.g., Jackson v. Bank of Haw.*, 902 F.2d
13 1385, 1387–89 (9th Cir. 1990) (holding that prejudice and undue delay were sufficient to deny
14 leave to amend).

15       Among these factors, "[p]rejudice to the opposing party is the most important factor."  *Id.*
16 at 1397 (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330–31 (1971)).  "The
17 party opposing leave to amend bears the burden of showing prejudice."  *Serpa v. SBC Telecomm.*,
18 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at 187).

19                                  **ANALYSIS**

20       Here, plaintiff seeks leave to file a fourth amended complaint to add a new theory of
21 liability under his deliberate indifference and medical malpractice claims.  (Doc. Nos. 70 at 18,
22 34, 35–36, 45–46, 48; 70-1 at 2.)  Plaintiff argues that this amendment is warranted due to
23 recently discovered facts that were previously unavailable to him.  (Doc. No. 70-1 at 2.)
24 Specifically, according to plaintiff, during the deposition testimony of defendants' medical
25 expert, Dr. Masoud Ghalambor, on February 22, 2022, plaintiff learned that x-rays taken of his
26 right ankle on January 17, 2017—while he was still in custody—revealed that his calcaneal bone
27 had healed sufficiently to allow for corrective orthopedic surgery.  (*Id.*)  According to plaintiff,
28 after those x-rays were taken on January 17, 2017, defendants did not refer him to an orthopedic

surgeon to discuss potential surgical options. (*Id.*) Plaintiff contends that this newly discovered evidence demonstrates a second instance of deliberate indifference that should be included in his operative complaint. (*Id.*)

In their opposition to the pending motion, defendants argue that allowing the proposed amendment would result in prejudice to them, that plaintiff has unduly delayed in pursuing the proposed amendment, and that the amendment proposed by plaintiff would ultimately be futile. (Doc. No. 72 at 5–8.) In addition, defendants argue that plaintiff's action of filing a motion for leave to amend following defendants' filing of a summary judgment motion indicates bad faith on the part of plaintiff. (*Id.* at 5) (citing *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).

Concerning the issue of prejudice, defendants contend that granting leave to amend at this time would require the parties to conduct additional written discovery, another deposition of plaintiff to explore undisclosed conversations during this time frame (which was purportedly not mentioned in any iteration of plaintiff's complaint), additional expert discovery, re-noticing the deposition of plaintiff's expert witness, and the filing of a new motion for summary judgment by defendants. (*Id.*) As a result, they argue that granting plaintiff's pending motion for leave to amend would be extremely prejudicial to them. (*Id.*) The court agrees.

Plaintiff filed his motion for leave to amend approximately five months after the close of discovery under the court's scheduling order and while defendants' motion for summary judgment was already pending before the court. Courts routinely deny motions for leave to further amend the complaint in situations such as this. *See MedImmune, Inc. v. Genentech, Inc.*, No. 03-cv-02567-MRP, 2004 WL 5327194, at *2 (C.D. Cal. Feb. 18, 2004) ("The fact that a motion to amend is filed after substantial discovery and the filing of a motion for summary judgment 'weighs heavily against allowing leave.'") (citation omitted); *Lee v. AFT-Yakima*, No. 09-cv-03112-EFS, 2011 WL 2181808, at *12 (E.D. Wash. June 3, 2011) (denying the plaintiff's motion for leave to amend his complaint and finding that "preparing new summary judgment briefing to respond to [the plaintiff's] additional duty of fair representation allegations at this late stage would cause undue hardship and waste judicial resources"). Indeed, courts have even found

4

prejudice to the opposing party when a motion to amend is filed close to the conclusion of discovery or when there is already a pending motion for summary judgment, especially when granting leave to amend would require the conducting of additional discovery. *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (noting that the district court did not abuse its discretion in denying leave to amend because the motion to amend was filed just several days before the discovery cut off, defendant would have had a limited time to respond, and granting leave to amend would have required additional discovery prejudicing the defendant); *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991), *abrogated on other grounds by Cramer v. Consol. Freightways Inc.*, 255 F.3d 683 (9th Cir. 2001) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave. A motion for leave to amend is not a vehicle to circumvent summary judgment."). Allowing plaintiff to add new theories of liability at this advanced stage of this litigation would clearly result in prejudice to defendants, who have committed resources and filed a motion for summary judgment in reliance on the court's scheduling order governing this case. *See Lockheed*, 194 F.3d at 986 ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice . . . .").

Moreover, as to plaintiff's timing in seeking leave to file a fourth amended complaint, as noted, plaintiff filed his motion approximately five months after the close of discovery and on the final day for the filing of dispositive motions, following defendants' filing of their motion for summary judgment and on the same day plaintiff filed his own motion for summary judgment. In light of this timing, the granting of plaintiff's motion would not only prejudice defendants but also result in undue and further delay in this litigation. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) ("The district court's conclusion that Solomon's motion to amend would cause undue delay and prejudice was not an abuse of discretion. Solomon made the motion on the eve of the discovery deadline. Allowing the motion would have required re-opening discovery, thus delaying the proceedings."); *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 4426493, at *3 (N.D. Cal. Aug. 15, 2013) (noting

that seeking leave to amend two weeks before the close of discovery where amendment would require additional discovery would cause prejudice and undue delay).

Furthermore, the timing of the filing of the pending motion to amend also raises concerns regarding bad faith on the part of plaintiff. *See Xie v. De Young Props., 5418 LP*, No. 1:16-cv-01518-DAD-SKO, 2018 WL 4698307, at *4 n.3 (E.D. Cal. Sept. 28, 2018) ("Indeed, the filing of the motion at this late stage of the litigation and just prior to hearing on defendant's motion for summary judgment may even suggest bad faith on the part of plaintiff.").

Accordingly, plaintiff's motion for leave to file a fourth amended complaint (Doc. No. 70) will be denied.

## CONCLUSION

For the reasons explained above, plaintiff's motion for leave to file a fourth amended complaint (Doc. No. 70) is denied.

IT IS SO ORDERED.

Dated: **September 30, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE