UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAM MKRTCHYAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>    Defendants. | No. 2:17-cv-02366-DAD-KJN<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR A CONTINUANCE OF THE COURT'S RULING ON SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(d)<br><br>(Doc. No. 79) |

This matter is before the court on plaintiff's request pursuant to Federal Rule of Civil Procedure 56(d) for a continuance of the court's ruling on the parties' respective pending motions for summary judgment, filed on behalf of plaintiff on May 27, 2022. (Doc. No. 79 at 1.)[1] For the reasons explained below, plaintiff's request will be denied.

**BACKGROUND**

On November 12, 2017, plaintiff Aram Mkrtchyan filed the complaint initiating this civil rights action arising out of the alleged deliberate refusal by defendants to provide plaintiff a

---

[1] On August 25, 2022, this case was reassigned to the undersigned. (Doc. No. 85.) The undersigned has endeavored to work through a backlog of inherited submitted motions in civil cases as quickly as possible since returning to the Sacramento courthouse a little over one year ago. As noted in the court's recent order dated September 30, 2023, the undersigned is aware that the parties' motions for summary judgment and related motions (Doc. Nos. 69, 71) have been pending before the court since before the reassignment of this case, and it is the court's hope that an order addressing those remaining pending motions will be issued in the relatively near future.

1

1  necessary surgery to address a heel bone fracture he sustained while incarcerated in the
2  Sacramento County jail system.  (Doc. No. 1.)  Following the court's rulings on a motion to
3  dismiss and a motion for reconsideration, and pursuant to a stipulation by the parties, plaintiff
4  filed the operative third amended complaint on July 29, 2021.  (Doc. No. 40.)

5        On April 9, 2021, the previously assigned district judge issued the pretrial scheduling
6  order governing this case and setting forth the following deadlines:  close of discovery on
7  November 30, 2021; disclosure of expert witnesses by January 27, 2022; and the hearing on "[a]ll
8  dispositive motions, except motions for continuances, temporary restraining orders or other
9  emergency applications, shall be heard no later than June 2, 2022."[2]  (Doc. No. 37.)

10        Defendants filed a motion for summary judgment on April 28, 2022.  (Doc. No. 69.)  The
11  same day, plaintiff filed his own motion for summary judgment (Doc. No. 71).  On May 12, 2022,
12  the parties filed their respective oppositions thereto.  (Doc. Nos. 73, 74.)  The cross motions for
13  summary judgment were taken under submission without oral argument by the previously
14  assigned district judge on May 20, 2022.  (Doc. No. 77.)  On May 23, 2022, defendants filed a
15  reply in support of their motion for summary judgment.  (Doc. No. 78.)  After receiving an
16  extension of time in which to do so, on May 27, 2022, plaintiff filed a reply in support of his
17  motion for summary judgment.  (Doc. No. 80.)  Also on May 27, 2022, plaintiff filed the pending
18  request pursuant to Federal Rule of Civil Procedure 56(d) for a continuance of the court's ruling
19  on the pending motions for summary judgment.  (Doc. No. 79.)  On May 31, 2022, defendants
20  filed an opposition to plaintiff's pending Rule 56(d) request, and on June 1, 2022, plaintiff filed a
21  reply thereto.  (Doc. Nos. 81, 82.)  On July 12, 2022, plaintiff filed a supplemental declaration of
22  his attorney Patrick Dwyer in support of his pending Rule 56(d) request.  (Doc. No. 84.)
23  /////
24  /////
25  /////
26

---

27  [2] Pursuant to this court's Local Rules, effective March 1, 2022, a motion must be filed at least 35
days prior to the hearing date.  L.R. 230(b).  The prior version of the Local Rules that was in
28  effect when the scheduling order in this case was issued provided for a 28-day notice period.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f))[3] provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The purpose of Rule 56(d) relief is to prevent the nonmoving party from being 'railroaded' by a summary judgment motion that is filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without additional discovery." *Hollyway Cleaners & Laundry Co., Inc. v. Cent. Nat'l Ins. Co. of Omaha, Inc.*, 219 F. Supp. 3d 996, 1003 (C.D. Cal. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)); *see also Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751 (9th Cir. 2001) ("Rule 56[d] thus protects parties from a premature grant of summary judgment.").

A party seeking Rule 56(d) relief bears the burden of demonstrating that "(1) it has set forth in affidavit [or declaration] form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)); *see also Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit [or declaration] the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."); Fed. R. Civ. P. 56(d) (permitting affidavit or declaration).

**ANALYSIS**

In his pending request, plaintiff purportedly seeks a continuance under Federal Rule of Civil Procedure 56(d) so that he may conduct additional discovery related to new evidence

---

[3] Subdivision (d) of Rule 56 "carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's note to the 2010 amendment. Authorities citing former Rule 56(f) thus offer guidance to interpreting and applying Rule 56(d). When citing those authorities herein, the court will bracket Rule 56(f) as Rule 56([d]).

concerning recent "instances of Sacramento County Sheriff's Department inmates not being timely sent by the [Sacramento County] Correctional Health Service [("SCCHS")] for medical care by third party medical providers." (Doc. No. 79-2 at 1.) Plaintiff contends that such evidence may be crucial as to his first cause of action, (*id.*), which is a *Monell* claim brought under 42 U.S.C. § 1983 against defendant Sacramento County for deliberate and callous disregard to inmate medical problems, (*see* Doc. No. 40 at 23). Specifically, in his request, plaintiff states that he recently became aware of "an almost identical case to his action," where the SCCHS failed to send another inmate named Josua Yago for a third-party orthopedic surgical consult in a timely manner. (Doc. No. 79-2 at 2.) Having learned of Mr. Yago, plaintiff's counsel requests an additional 60-day period of discovery to allow him to take up to three additional depositions in this case and to propound additional document requests, interrogatories, and request for admissions. (*Id.* at 3.)

Plaintiff's counsel has filed a declaration in support of the pending motion. (Doc. No. 79-3.) Therein, counsel represents that on May 4 or 5, 2022, Mr. Yago's grandfather informed him that Mr. Yago had suffered a broken foot while in custody and was seen at the South Sacramento Kaiser Permanente hospital on or about April 7, 2022 but, as of May 26, 2022, Mr. Yago still had not been sent to a third-party podiatrist or orthopedic surgeon for a surgical consultation. (Doc. No. 79-3 at ¶¶ 4, 11.) In addition, in his supplemental declaration dated July 12, 2022, plaintiff's counsel states that, despite multiple doctor referrals to an outside orthopedic surgeon regarding the repair of Mr. Yago's foot, the SCCHS did not make any such referral until on or about June 28, 2022, and that Mr. Yago was just being scheduled for a referral by the end of July 2022. (Doc. No. 84 at ¶¶ 5–6). According to plaintiff's counsel, Mr. Yago should have been sent for an orthopedic surgical repair sooner, and an orthopedic surgeon will now need to assess whether surgery would do more harm than good and whether Mr. Yago will be left disabled by the delay. (*Id.* at ¶ 7.) Counsel opines that "[t]his situation is very analogous to that of plaintiff and demonstrates a pattern of not timely referring inmates for orthopedic surgical consults." (*Id.*)

In their opposition, defendants advance two arguments. First, defendants argue that Rule 56(d) does not permit plaintiff to reopen discovery in support of his own motion for summary

4

judgment.  (Doc. No. 81 at 5.)  Defendants contend that because plaintiff is the moving party, his request is improper under Rule 56(d), which applies only to a "nonmovant."  (*Id.*)  In his reply, plaintiff points out that he is both a moving and a non-moving party.  (Doc. No. 82 at 2.)  Indeed, though it may appear in certain parts of plaintiff's request that plaintiff is only seeking a continuance with regard to his own motion for summary judgment, (*see, e.g.*, Doc. No. 79 at 2 ("Unless this motion is heard on an expedited basis, plaintiff's MSJ will be submitted and heard without the benefit of new evidence supporting plaintiff's MSJ on the First Cause of Action in the Third Amended Complaint.")), at other points, it is clear that plaintiff is seeking a continuance with regard to both his and defendants' motions for summary judgment, (*see, e.g.*, Doc. No. 79-1 at 1 ("Plaintiff Aram Mkrtchyan hereby moves this court pursuant to FRCP 56(d) for a continuance of the parties respective summary judgment motions concerning the First Cause of Action in the Third Amended Complaint.")).  Nevertheless, to the extent that plaintiff seeks a deferral of a ruling on his own motion for summary judgment, the court agrees that Rule 56(d) would be inapplicable.  *See Rigmaiden v. F.B.I.*, No. 12-cv-01605-PHX-SRB, 2014 WL 1911425, at *3–4 (D. Ariz. May 13, 2014) (denying the plaintiff's Rule 56(d) motion, holding that Rule 56(d) does not allow the moving party to take additional discovery); *Est. of Valentine ex rel. Grate v. South Carolina*, 3:18-cv-00895-JFA, 2021 WL 3423353, at *5 (D.S.C. Aug. 5, 2021) ("To the extent Plaintiff requests [Rule 56(d)] relief in her motion for partial summary judgment, she is the movant and therefore Rule 56(d) is inapplicable to her.").

    Second, as defendants argue, to the extent that plaintiff is seeking a deferral of defendants' motion for summary judgment, plaintiff's Rule 56(d) request is clearly untimely.  (Doc. No. 81 at 5.)  In plaintiff's reply, he argues that he acted promptly to gather information about Mr. Yago after learning about his situation on May 4 or 5, 2022, and that it was not possible for him to do so during the discovery phase of this litigation or before the parties' respective summary judgment motions were filed.  (Doc. No. 82 at 3.)  This argument is entirely unpersuasive.  Plaintiff's counsel was already aware of Mr. Yago's situation when he filed his opposition to defendants' motion for summary judgment.  As indicated in his initial declaration filed on May 27, 2022, counsel for plaintiff purportedly became aware of Mr. Yago's situation on May 4 or 5,

2022.  (No. 79-3 at ¶ 4).  Yet, when plaintiff's counsel filed his opposition to defendants' summary judgment motion on May 12, 2022, he made no mention of Rule 56(d) or the need for additional discovery in order to contest defendants' motion for summary judgment.  Plaintiff did not file the pending Rule 56(d) request until more than two weeks after he filed his opposition to defendants' pending motion for summary judgment and four days after defendants had filed their reply brief.  Courts consistently deny Rule 56(d) requests in similar situations.  *See, e.g.*, *Garza v. Chavez*, No. 10-cv-07658-VBF, 2014 WL 3572148, at *2 (C.D. Cal. July 18, 2014) (finding that a *pro se* plaintiff's request to defer ruling on a summary judgment motion so that he could conduct additional discovery to be too late because the request was made two days after plaintiff filed his opposition brief, and the court noted that "the proper course of action was to file a much earlier request to push back the deadlines and defer ruling . . . pursuant to Fed. R. Civ. P. 56(d)") (citation omitted); *Martin v. Rubalcava*, No. 2:12-cv-02232-EFB, 2014 WL 794342, at *5 (E.D. Cal. Feb. 27, 2014) (denying the plaintiff's Rule 56(d) request and finding that the plaintiff did not satisfy the requirements, in part, because the plaintiff filed his request after filing his opposition to the defendant's summary judgment motion and after the defendant had already filed his reply brief); *Dimas v. Pecos Indep. Sch. Dist. Bd. of Educ.*, No. 1:21-cv-00978-KWR-JFR, 2022 WL 2135345, at *12 (D.N.M. June 14, 2022) ("Here, first, by filing a responsive brief to Defendants' motion for summary judgment, Plaintiff waived her right to seek additional discovery.").

   Furthermore, plaintiff has not satisfied his burden to "identify by affidavit [or declaration] the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum*, 441 F.3d at 1100.  Neither of the declarations submitted by plaintiff's counsel demonstrates how the now sought-after facts are essential to plaintiff in opposing defendants' motion for summary judgment, *see Fam. Home & Fin. Ctr.*, 525 F.3d at 827, such as by explaining how the additional information would create a genuine dispute of material fact.  *See Tatum*, 441 F.3d at 1100 (finding a declaration that the plaintiff's counsel had not received transcripts of several witness depositions was insufficient to support a request for deferral under Rule 56(d) because it did not explain why the information contained in the

depositions would create a genuine issue of material fact). In his memorandum submitted in support of his Rule 56(d) request, plaintiff attempts to explain the relevance of the additional discovery by arguing as follows:

> If, in fact, Sacramento County has failed to timely send Mr. Yago out for an orthopedic surgical consult, that would be another instance of the unconstitutional policies and practices that plaintiff has alleged against Sacramento County in the First Cause of Action of the Third Amended Complaint under *Monell*. Such a further instance may be definitive proof of plaintiff's *Monell* allegations and provide the basis for summary judgment in favor of plaintiff.

(Doc. No. 79-2 at 2.) However, plaintiff's vague, conclusory, and speculative assertion regarding what the reopening of discovery might reveal is insufficient to meet plaintiff's burden under Rule 56(d). *See Stevens v. Corelogic, Inc.*, 899 F.3d 666 (9th Cir. 2018) (affirming the denial of 56(d) request where the discovery sought was at a "level of generality . . . insufficient for Rule 56(d) purposes" and "would *not* illuminate the determinative inquiry"); *Amezquita v. Hough*, No. 3:19-cv-01461-AJB-KSC, 2021 WL 689916, at *4 (S.D. Cal. Feb. 23, 2021) (finding that the plaintiff's series of conclusory and speculative allegations that "the missing discovery" would assertedly "show" his claims to be "true" was insufficient to warrant a continuance), *report and recommendation adopted*, No. 3:19-cv-01461-AJB-KSC, 2021 WL 4059868 (S.D. Cal. Sept. 7, 2021), *aff'd*, No. 21-56059, 2023 WL 4105307 (9th Cir. June 21, 2023); *Est. of Debbs v. Cnty. of Sacramento*, No. 2:20-cv-01153-TLN-DB, 2023 WL 4108320, at *4 (E.D. Cal. June 21, 2023) (finding that the plaintiff did not meet its burden under Rule 56(d) where plaintiff's counsel submitted a declaration stating his "belief that the unproduced and incomplete investigations related to [the decedent's] in-custody death will be critical evidence in this case that could justify Plaintiffs' opposition to Defendants' motion for summary judgment"). Moreover, plaintiff's discussion regarding how additional evidence he would hope to uncover would bolster his own motion for summary judgment does not align with the purpose of Rule 56(d), as discussed above.

Finally, the court notes that defendants' motion for summary judgment was not filed at an early stage in this case. Rather, that motion was filed on the dispositive motion filing deadline and approximately five months after the close of discovery under the court's scheduling order governing this case. Indeed, the undersigned would note that discovery in this case was not

7

closed until over four years after the initiation of the action. Thus, this is obviously not a scenario where defendants filed a summary judgment motion before plaintiff had a full opportunity to pursue discovery and obtain the necessary evidence to counter a summary judgment motion. *See Harris v. City of Seattle*, 315 F. Supp. 2d 1112, 1119–20 (W.D. Wash. 2004) (denying a Rule 56(d) request where the summary judgment motion was filed on the last day of the dispositive motion deadline), *aff'd*, 152 F. App'x 565 (9th Cir. 2005).[4]

For the foregoing reasons, the court finds that plaintiff has not made the necessary showing under Rule 56(d). The court will therefore deny plaintiff's request for a continuance of the court's ruling on the pending motions for summary judgment.

/////

/////

---

[4] Even if the plaintiff's request for a deferral of a ruling on defendants' motion for summary judgment were construed as a request to simply reopen discovery and law and motion, the result would be the same. Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16(b) good cause standard requires a showing that the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's note to the 1983 amendment). If the party requesting the modification was not diligent, "the inquiry should end." *Id*. In this case, plaintiff's counsel waited until after filing an opposition to defendants' motion for summary judgment to file the pending request for a continuance under Rule 56(d), and plaintiff has not moved to reopen discovery under Rule 16(b). *See Hunt v. City of Los Angeles*, No. 17-cv-08064-JFW-PVC, 2021 WL 768248, at *9 n.12 (C.D. Cal. Jan. 26, 2021) (finding the fact that counsel had still not moved to reopen discovery under Rule 16(b) indicative of a lack of diligence), *report and recommendation adopted*, No. 17-cv-08064-JFW-PVC, 2021 WL 765418 (C.D. Cal. Feb. 26, 2021), *aff'd*, No. 21-55310, 2022 WL 3714490 (9th Cir. Aug. 29, 2022). Moreover, although plaintiff's lack of diligence is dispositive under Rule 16(b), *see Johnson*, 975 F.2d at 609, the prejudice to defendants in this case is also readily apparent. This action has been pending since 2017, discovery has been closed since November 30, 2021, and both parties' motions for summary judgment are pending before the court and fully briefed. Plaintiff had far more than enough time to conduct discovery. Thus, reopening discovery at this late stage of the litigation would unfairly prejudice defendants. *See Goolsby v. Gentry*, No. 1:11-cv-01773-LJO-DLB, 2015 WL 8479326, at *2 (E.D. Cal. Dec. 9, 2015) (finding that good cause did not exist to modify the scheduling order to permit additional discovery where the defendants' motion for summary judgment was pending and fully briefed, such that reopening discovery would unfairly prejudice them); *see also Jackson v. Fed. Exp.*, 766 F.3d 189, 199 (2d Cir. 2014) (concluding that the district court did not abuse its discretion in refusing to reopen discovery where "[t]he scheduled time for discovery was over, and a fully briefed motion for summary judgment was pending").

**CONCLUSION**

For the reasons explained above, plaintiff's Rule 56(d) request (Doc. No. 79) is denied.

IT IS SO ORDERED.

Dated:   **October 19, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

9